**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELSA BARRIO, aka Elsa Lopez,

Defendant - Appellant.

No. 03-6083

(D.C. No. (00-CR-25-R)

(W. D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Judge **, BRISCOE** , and **HARTZ** , Circuit Judges.

On July 17, 2000, a jury found Elsa Barrio (Defendant) guilty of (1) conspiracy to distribute cocaine and phencyclidine (PCP), in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) two counts of causing others to travel in interstate commerce with intent to promote and carry on the unlawful activity of transporting cocaine powder for redistribution, in violation of 18 U.S.C.

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 1952(a)(3). She was sentenced to 121 months in prison on the first count and 60 months on each of the second two counts, to be served concurrently. This court upheld her conviction. See United States v. Barrio, 41 Fed. Appx. 169 (10th Cir. 2002). On January 13, 2003, Defendant filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (permitting court to reduce sentence when "sentencing range . . . has subsequently been lowered"). The district court denied the motion on February 7, 2003. We affirm.

Defendant argues that an amendment to the Sentencing Guidelines makes her eligible for consideration of the "safety valve" reduction under USSG § 5C1.2 (providing reduction in sentence if certain criteria are met), and an additional two-point reduction under USSG § 2D1.1(b) (providing 2-point reduction when defendant qualifies for safety valve). We are not persuaded by her argument. First, the amendment she cites was only a proposal and has not been adopted. Second, the sentencing court actually considered the safety valve provision and found that Defendant did not qualify because she was not truthful to the district court. See USSG § 5C1.2(5) (requiring that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses . . . .").

For substantially the same reasons set forth in the district court's February 7, 2003, order, we agree that Defendant does not qualify for the safety valve or the 2-point reduction. The district court's denial of Defendant's motion is AFFIRMED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge